**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4187**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOEL DALLAS BONNER,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, District Judge.  (3:11-cr-00207-JRS-1)

Submitted:  September 20, 2012     Decided:  September 26, 2012

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Jamie L. Mickelson, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Dallas Bonner pled guilty to possession of cocaine and being a felon in possession of a firearm. The district court imposed a sentence of 151 months on the drug charge and a mandatory minimum 120-month term on the firearm charge. On appeal, Bonner argues that his sentence is procedurally unreasonable because the court did not sufficiently explain the basis for the sentence imposed. We agree that the sentence is procedurally unreasonable and remand for resentencing.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. Specifically, "the district court must state in open court the

2

particular reasons supporting its chosen sentence [and] set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal citations and quotation marks omitted).

We conclude that the district court erred because it failed to explain why it imposed the chosen sentence. See United States v. Lynn, 592 F.3d 572, 581-82 (4th Cir. 2010); Carter, 564 F.3d at 328. The court did not address Bonner's argument in favor of a sentence below the Guidelines range and it did not provide any reasons for choosing the sentence imposed. We cannot presume that the district court simply adopted the Government's arguments, nor do we agree with the Government that the error was harmless. Accordingly, we vacate Bonner's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED